UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTIN GOLDMAN,

                            Plaintiff,

            -against-

BEASLEY MEDIA GROUP, LLC, et al.,

                            Defendants.

26-CV-2426 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated March 25, 2026, the Court directed Plaintiff, within 14 days, to provide an address of record for service.[1] The order specified that Plaintiff could either (1) sign and submit the Notice of Change of Address with a current address, (2) consent to accept electronic service of documents by email in this case, or (3) explain any reason why he was unable to provide an address or email address. The order relied on Rule 11(a) of the Federal Rules of Civil Procedure, which provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number." Fed. R. Civ. P. 11(a).

The order also referenced a standing order in this district, which provides that "[i]t is a party's obligation to provide an address for service . . . ." *In Re: Cases Filed By Pro Se Plaintiffs*, *This Matter Relates To: Duty of Self-Represented Parties to Keep Address Information Current*, No. 24-MC-127 (LTS) (S.D.N.Y. Mar. 18, 2024) ("Standing Order"); *see also Electronic Case Filing Rules*, Rule 8.2 ("Electronically filed documents must include a signature block and must set forth the name, address, telephone number and e-mail address all in compliance with the

---

[1] Plaintiff did not submit an *in forma pauperis* application or pay the filing fees for this action, and the Court issued an order notifying him of his obligation to do so. (ECF 4.)

Federal Rules of Civil Procedure and Local Civil Rule 11.1."). The March 22, 2026 order specified that failure to comply would result in dismissal of the complaint, without prejudice.

The March 22, 2026 order was mailed and emailed to Plaintiff at addresses that he had used in prior litigation, and it is viewable on the public docket.[2] Plaintiff's failure to provide an address of record for service appears to be willful because he has filed more than a dozen actions in this court in the past few months, and he brought this complaint on March 24, 2026, without providing any address, after having been notified of the requirement that he include an address at which he could be served. *See*, *e.g.*, *Goldman v. Advance Publications*, *Inc.*, No. 26-CV-0769 (LTS) (S.D.N.Y. Mar. 3, 2026) (ECF 4) ("The Court reiterates this notice that Plaintiff must provide an address for service."). Plaintiff has not responded to this order in any manner. Accordingly, the Court dismisses this action without prejudice for failure to comply with the March 24, 2026 order.

The Clerk of Court is directed additionally to mail a copy of this order to Plaintiff at the following address: 15 West 55th Street, Apt. 5B, NY, NY 10019.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[2] It appears that Plaintiff was recently served with process at a different address, and this order will be mailed to Plaintiff at that address. *See Cumulus Media Inc. v. Goldman*, No. 26-CV-1567, 10 (S.D.N.Y. Mar. 19, 2026) (summons returned executed).

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated:    April 14, 2026
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge